

The following constitutes the
Memorandum Decision of the Court.
Signed April 20, 2016

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BIC PHO,<br><br>      Debtor.<br>_____<br><br>NARA BANK,<br><br>      Plaintiff,<br>v.<br><br>BIC PHO,<br><br>      Defendant.<br>_____ | Case No. 07-52664 ASW<br><br>Chapter 7<br><br><br><br>Adversary No. 07-5199 RLE<br><br><br><br>Memorandum Decision<br>on Debtor's Motion to Recover<br>Attorney's Fees<br>and Order Thereon |

**I. Introduction**

    Judgment in this adversary proceeding was entered in defendant's favor on January 13, 2016. On January 27, 2016,

-1-

defendant filed this motion for an award of $27,125 in attorney's fees as the prevailing party. Plaintiff opposed this motion. The matter has been fully briefed and argued. This is the court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7054.

**II. Background**

    **A. Complaint and Answer**

    The complaint alleged that defendant was a principal of a real estate firm called Vision Quest 21, Inc. ("VQ"). In 2007, VQ borrowed $300,000 from plaintiff and defendant guaranteed that loan. The loan agreement, promissory note, security agreement, and defendant's guaranty were exhibits to the complaint (collectively, the "Loan Documents"). The gist of the complaint was that the loan and the guaranty had been obtained by "false pretenses, false representations, and actual fraud, and by use of writings and financial information that [were] materially false with respect to the financial condition" of VQ and defendant. It alleged that defendant had conducted a fraudulent scheme to divert the loan proceeds for his own benefit and had no intention of fulfilling his obligation to plaintiff under the guaranty.

    The complaint stated claims for relief based on Bankruptcy Code §523(a)(2)(A) and (B), §523(a)(4), and §523(a)(6). It also included state law claims for conversion, imposition of a constructive trust, accounting, and unjust enrichment.[1] It sought damages calculated under the Loan Documents and attorney's fees and costs.

    The defendant's answer denied the essential allegations of the complaint and stated, as an affirmative defense, that

---

[1] All claims other than the §523(a)(2)(A) and §523(a)(2)(B) claims were dismissed and trial proceeded only on those two claims.

Memo. Decision re Attys Fees     -2-

defendant had made no misrepresentations in connection with the loan. The answer also requested attorney's fees and costs.

**B. The Memorandum Decision**

After a four-day trial and post-trial briefing, the court issued its Memorandum Decision in which it found the debt sued upon was dischargeable. Judgment was thereafter entered.[2]

The details of the Memorandum Decision will not be repeated here.[3] In short, it concluded that defendant had made four written misrepresentations in applying for and obtaining the loan and the guaranty: (1) the borrowed funds would be used for VQ's business expansion; (2) neither VQ nor defendant were parties to any pending litigation; (3) VQ had no undisclosed debts; and (4) defendant had no undisclosed debts. These misrepresentations were made in the two applications for the loan, defendant's financial statement, the loan agreement, and the guaranty.

At trial, defendant tried to prove that he had not made any misrepresentations because he had not signed certain of the Loan Documents, had no memory of signing them, or had not filled out the information constituting the misrepresentations in the two forms used to apply for the loan which he had guaranteed. Plaintiff's handwriting expert established that the relevant signatures were defendant's.

The Memorandum Decision found that the §523(a)(2)(A) claim failed because plaintiff had not proved that there had been a material misrepresentation regarding the use of the borrowed funds. The Memorandum Decision also found that defendant had made

---

[2] After judgment was entered, the adversary proceeding was transferred to this court because of the retirement of Judge Arthur S. Weissbrodt.

[3] The court's findings set forth in the Memorandum Decision are incorporated herein by reference.

Memo. Decision re Attys Fees     -3-

the last three of these misrepresentations, but the §523(a)(2)(B) claim failed because various red flags negated plaintiff's reliance on the misrepresentations.

**C. The Attorney's Fees Provision**

The attorney's fee provision in the guaranty stated:

> Guarantor agrees to pay upon demand all of lender's costs and expenses, including lender's attorneys' fees and lender's legal expenses incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantor shall pay all court costs and such additional fees as may be directed by the court.

Essentially the same language appeared in the other Loan Documents.

The guaranty also provided that the financial information supplied by defendant was accurate, and that there was no litigation pending or threatened against the guarantor. The Loan Documents treated any false statement by VQ or the guarantor as an event of default.

**D. The Evolution of the Parties' Arguments**

Beyond the bare assertions in the complaint and answer described above, the parties' requests for attorney's fees have been stated under various theories throughout the course of this litigation.

In its trial brief, plaintiff stated it was entitled to attorney's fees and costs and punitive damages under <u>Cohen v. de la Cruz</u>, 523 U.S. 213 (1998). In his trial brief, defendant contended that plaintiff had no right to attorney's fees in a

tort action, citing <u>Sternberg v. Johnson</u>, 595 F.3d 937 (9th Cir. 2009).[4]

In its first post-trial brief, plaintiff stated, without argument or authority, that it was entitled to damages in the amount of its loan payoff statement and entitled to attorney's fees pursuant to the Loan Documents. In his post-trial brief, defendant argued that if he was the prevailing party, he was entitled to his fees, citing <u>Aurora Loan Services LLC v. Guzman</u>, 2012 U.S. Dist. Lexis 12677 (N.D. Cal. 2012) (attorney's fees awarded to debtor as prevailing party on contract in claim objection context).

In its second post-trial brief, in response to defendant's argument, plaintiff argued that only the loan applications were relevant, not the loan agreement. From this, plaintiff asserted that if defendant won, there was no legal basis for finding defendant was the prevailing party on a contract.

In the current motion, defendant argues that allowance of attorney's fees in bankruptcy is governed by state law, citing <u>Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.</u>, 549 U.S. 443 (2007). Defendant contends the applicable state law here is California Civil Code §1717, which makes a unilateral fee provision reciprocal for a prevailing party in a contract action, and California Code of Civil Procedure §1021, §1032, and §1033.5, which collectively make attorney's fees, as an element of costs, awardable to the prevailing party in disputes sounding in either

---

[4] <u>Sternberg</u> involved damages for a stay violation and was overruled by <u>In re Schwartz-Tallard</u>, 803 F.3d 1095 (9th Cir. 2015). <u>Sternberg</u> does make this statement regarding fees in a tort action: "Under the American Rule, a plaintiff cannot ordinarily recover attorney fees spent to correct a legal injury as part of his damages, even though it could be said he is not made whole as a result." <u>Sternberg</u>, 595 F.3d at 947 (citation omitted).

Memo. Decision re Attys Fees        -5-

tort or contract. Defendant contends the language "bankruptcy proceeding" in the attorney's fee provision in the guaranty and other Loan Documents is broad enough to cover the §523(a)(2) claims tried here.

Plaintiff's opposition to the current motion argues that the §523(a)(2) claims tried here are tort claims and that Cal. Civ. Code §1717 does not apply to tort claims; it only applies to an action on a contract, citing Santisas v. Goodin, 17 Cal.4th 599 (1998); In re Baroff, 105 F.3d 439 (9th Cir.1997); In re Davison), 289 B.R. 716, 724-25 (9th Cir. BAP 2003). Plaintiff also contends that California Code of Civil Procedure §1021 and §1032 are inapplicable here because the fee provision in the guaranty runs only in its favor, and without Civil Code §1717 to make the fee provision reciprocal, defendant has no basis for an award of fees even if he is the prevailing party. Moallem v. Coldwell Banker Commercial Group, Inc., 25 Cal.App.4th 1827 (1994); Brown Bark III, L.P. v. Haver, 219 Cal.App.4th 809 (2013).

In his reply, defendant concedes that plaintiff is correct regarding these Code of Civil Procedure sections but argues that fees may still be awarded under Civil Code §1717 because, as tried, this case was an action "on a contract" and Baroff and Davison do not stand for the blanket inapplicability of Civil Code §1717 to a nondischargeability case. Defendant argues the Loan Documents were integral to the case and plaintiff was suing to enforce its rights under them and the case necessarily involved the court's interpretation of them.

**III. Discussion**

**A. Statutory Framework**

Under the so-called American Rule, prevailing parties in federal court are not ordinarily entitled to attorney's fees

Memo. Decision re Attys Fees        -6-

unless authorized by contract or by statute. <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975) (explaining history regarding prevailing party attorney's fees in federal courts, acknowledging that absent statute or contract, litigants pay their own attorney's fees).

The Bankruptcy Code does not provide a general right to recover attorney's fees. <u>In re Baroff</u>, 105 F.3d 439, 441 (9th Cir. 1997). Thus, the court focuses on whether attorney's fees are authorized by the guaranty.

California law allows parties to contract as they see fit concerning the payment of attorney's fees.

Code of Civil Procedure §1021 provides:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys is left to the agreement, express or implied, of the parties.

Cal. Civ. Proc. Code §1021.

Civil Code §1717 provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code §1717.

Civil Code §1717 makes an otherwise unilateral contractual obligation to pay attorney's fees into a reciprocal one in an action on the contract but Civil Code §1717 is not applicable in a tort action. <u>Stout v. Turney</u>, 22 Cal.3d 718, 730 (1978) (tort action for fraud arising out of a contract is not an action on a contract within Civil Code §1717); <u>Santisas v. Goodin</u>, 17 Cal.4th 599, 615 (1998) (Civil Code §1717 applies only to actions that

Memo. Decision re Attys Fees       -7-

contain at least one contract claim; if action asserts both contract and tort claims, §1717 applies only to fees incurred to litigate contract claim).

As to tort claims, the question of whether to award attorney's fees turns on the language of the contractual fee provision, i.e., whether the party seeking fees has prevailed within the meaning of the provision and whether the type of claim is within the scope of the provision. Brown Bark III L.P. v. Haver, 219 Cal.App.4th 809, 827-28 (applying Code of Civil Procedure §1021, fee provision must be broad enough to cover tort claims and must identify the party seeking fees as the beneficiary of the provision); 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co., 990 F.2d 487, 489 (9th Cir. 1993) (applying Code of Civil Procedure §1021, provision in agreement applied in tort action because it allowed fees to prevailing party for "any suit" or other proceeding with respect to the "subject matter or enforcement" of the agreement).

In Cohen v. de la Cruz, 523 U.S. 213 (1998), the Court held, in a §523(a)(2)(A) action, that a debt incurred by fraud can include costs and attorney's fees. "Once it has been established that specific money or property has been obtained by fraud, ... 'any debt' arising therefrom is excepted from discharge." Id. at 218. The Ninth Circuit BAP has interpreted Cohen to mean that the determinative question for awarding attorney's fees is whether the creditor would be able to recover the fees outside bankruptcy under state or federal law for establishing those elements of its claim which the bankruptcy court finds support a conclusion of nondischargeability. In re Pham, 250 B.R. 93, 99 (9th Cir. BAP 2000) (no breach of contract claim pleaded but BAP finds it was implicit and remands for a determination of whether underlying agreement covered fees in a §523(a)(2)(A) case); In re Dinan, 448 B.R. 775, 785 (9th Cir. BAP 2011) (under Nevada law, creditor was

Memo. Decision re Attys Fees        -8-

Case: 07-05199    Doc# 128    Filed: 04/20/16    Entered: 04/20/16 13:20:43    Page 8 of 13

prevailing party entitled to fees in §523(a)(14) action); <u>Miske v. Bisno</u>, 204 Cal.App.4th 1249, 1252 (2012) (applying California law to fraud in inducement claim, clause in agreement providing for fees for prevailing party in "any dispute" was broad enough to include tort claim).

Courts have consistently held that contractual provisions awarding attorney's fees to a prevailing party in actions to "enforce" or to "interpret" a contract do not extend to tort claims related to the contract. <u>See</u> <u>In re Sharma</u>, 2013 WL 1987351, at *18 (9th Cir. BAP 2013) (finding that language "action to enforce or interpret" agreement was not broad enough to encompass fraud in inducement claim; under California law, a tort claim does not enforce a contract); <u>In re Davison</u>, 289 B.R. 716, 724 (9th Cir. BAP 2003) (finding that Civil Code §1717 did not apply in §523 case and, in finding there had been no fraud by debtor, court did not "enforce or interpret" agreement where plaintiff did not allege any breach or seek to enforce any rights under agreement, precluding use of Code of Civil Procedure §1021 as basis for fees). On the other hand, courts have held that tort claims may be covered if an agreement uses broader language such as "arising out of the agreement" as opposed to "enforcement of the agreement." <u>See</u>, <u>e.g.</u>, <u>Santisas</u>, 17 Cal.4th at 607 (dispute "arising out of the execution" of the agreement); <u>Miske v. Bisno</u>, 204 Cal.App.4th at 1259 (if "any dispute arises" between the parties).

Based on this authority, the answer to the question before the court turns on whether this case may be considered an "action on the contract" for purposes of awarding attorney's fees to the defendant as the party "prevailing on the contract" where the operative language in the fee provision is "enforcement" of the guaranty.

Memo. Decision re Attys Fees        -9-

**B. What is an Action on a Contract?**

As explained recently in In re Penrod, 802 F.3d 1084, 1088 (9th Cir. 2015), the phrase "on a contract" is liberally construed, relying on In re Tobacco Cases I, 193 Cal.App.4th 1591, 1601 (noting that for Civil Code §1717, "on a contract" does not mean only traditional breach of contract causes of action).[5]

An action is "on a contract" when a party seeks to enforce, or avoid enforcement of the provisions of the contract. Bos v. Bd. of Trs., 2016 WL 1161262 (9th Cir. 2016) (Civil Code §1717 did not apply in §523); Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (Civil Code §1717 applied because contract played an integral part in defining the rights of the parties); In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997) (Civil Code §1717 applied in §523 action where outcome turned on interpretation of agreement and application of California's statute of frauds); In re Arciniega, 2016 WL 455428, *14 (9th Cir. BAP 2016) (Civil Code §1717 applied to one claim in §523 action where California law governed interpretation of a key phrase in the agreement, and proof of both breach and dischargeability was required); Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc., 211 Cal.App.4th 230, 240-41 (2012) (collecting illustrative cases applying and declining to apply Civil Code §1717).

An action may be considered an action "on a contract" even

---

[5] The court recognizes that Davison said Santisas adopted a narrow view of Civil Code §1717. Davison, 289 B.R. at 723. The BAP appeared to be concerned that Santisas undermined a statement in Baroff regarding broadly interpreting the phrase "on a contract." Santisas said the ordinary rules of contract interpretation applied here. Santisas, 17 Cal.4th at 608. Civil Code §1717 is generally described as being liberally construed as Penrod indicates. In re Penrod, 802 F.3d at 1088.

Memo. Decision re Attys Fees            -10-

when plaintiff only pleads one fraud claim and does not actually plead a breach of contract claim. In re Pham, 250 B.R. 93, 96 (9th Cir. BAP 2000). An action may also be found to be "on a contract" when breach of contract is not plead but the case is tried as a breach of contract case. In re Tran, 301 B.R. 576 (Bankr. N.D. Cal. 2013). However, in a §523 case factually similar to this one, the district court found it was not an action on the contract where the trial court did not determine the amount owed or rule on whether the defendant was the alter ego of the corporate borrower. In re Chen, 345 B.R. 197 (N.D. Cal. 2006).

In this case, the court did not enforce the contract as that phrase is used in Civil Code §1717. Unlike the situation before the BAP in Arciniega and the Ninth Circuit in Baroff, the trial in this case did not require the court to interpret the language of the guaranty or the other Loan Documents and the court did not rule on the meaning of the words in the Loan Documents. Nor was there a dispute regarding the amount owed under the Loan Documents. While the Loan Documents provided the context for the case, their terms did not define the parties' rights or determine the outcome of the trial. The outcome of the trial was determined by the facts proven at trial and the application of the elements of Bankruptcy Code §523(a)(2)(A) and (B) to them.

Even though defendant claimed not to have signed, or not to remember signing certain key Loan Documents, or not to have provided the inaccurate information in the loan applications, the Memorandum Decision concluded he had in fact signed them and had made the misrepresentations in the Loan Documents. Accordingly, for the sake of argument, even if this is viewed as an action on the contract - simply because the court determined one existed - defendant is not the party "prevailing on the contract." Defendant prevailed in the action in the broadest sense only

Case: 07-05199   Doc# 128   Filed: 04/20/16   Entered: 04/20/16 13:20:43   Page 11 of 13

because the record showed there were red flags that negated the plaintiff's reliance on defendant's misrepresentations. Defendant did not prevail on the merits of his defense that he had not made the misrepresentations that led to the signing of the underlying Loan Documents.

**IV. Conclusion**

This adversary proceeding was a tort action. Despite the parties' shifting theories regarding the right to attorney's fees, this was not an "action on a contract" within the ambit of Civil Code §1717 because the court did not enforce or interpret the Loan Documents in reaching its decision regarding dischargeability. Accordingly, Civil Code §1717 does not apply to make the attorney's fee provision in the guaranty reciprocal.

If the fee provision in the guaranty were broad enough to cover this adversary proceeding as a "bankruptcy proceeding," in theory, under Code of Civil Procedure §1021, fees may have been recoverable by plaintiff if it had been the prevailing party. However, by its terms, this benefit would not have extended to defendant. Thus, defendant is not entitled to recover his attorney's fees here and the court does not reach the issue of the reasonableness of the requested fees.

**V. Order**

Based on the foregoing, defendant's motion for attorney's fees is denied. Each side shall bear its own costs in this adversary proceeding. The clerk's office is directed to close this adversary proceeding upon docketing of this Memorandum Decision and Order.

* * * * End of Memorandum Decision and Order * * * *

Court Service List

Attorneys served by ecf

Nara Bank
Special Assets Dept.
3731 Wilshire Blvd
Los Angeles, CA 90017

Bic Pho
4221 Chaboya Hills Court
San Jose, CA 95148

Memo. Decision re Attys Fees            -13-